UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roosevelt Dodd #16306-171, ) | |
| ) | C/A No. 4:15-1796-RMG-TER |
| Petitioner, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| L. Thomas, Warden, F.C.I. Edgefield, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

The petitioner, Roosevelt Dodd, ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution ("FCI") Edgefield, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is serving a 235-month sentence[1] after pleading guilty in this Court in February of 2012 to one count of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e), and one count of conspiracy to possess with intent to distribute crack cocaine. See Doc. # 35 in Cr. No. 7:12-cr-26-HMH.[2] Petitioner did not appeal. Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on April 18, 2013, which the sentencing

---

[1] This 235 month sentence consists of 235 months as to each count, with such terms to run concurrently.

[2] The Court may take judicial notice of the filings in Petitioner's criminal case (7:12-cr-26-HMH). See generally, Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

1

court denied on April 24, 2013. See Id. at Docs. # 40, 42. Petitioner filed a Rule 60(b) motion, which was denied. See Id. at Docs. # 52, 54. Petitioner filed an appeal from this Order, which was ultimately dismissed for failure to prosecute. (No. 14-7501).

Citing Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), United States v. Simmons, 649 F.3d 237 (4th Cir.2011), and Descamps v. United States, —— U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), Petitioner contends that he is actually innocent of the 18 USC 922(g) offense of which he has been convicted based on his argument that a prior arson conviction does not qualify as a predicate. Petitioner also asserts that he was sentenced on an improperly applied mandatory minimum, i.e., that he was improperly classified as, and incorrectly received an enhanced sentence under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act (ACCA), and United States Sentencing Guideline § 4B1.4 (USSG). Petitioner asserts that he satisfies the savings clause of Section 2255(e) as his Section 2255 petition is inadequate and ineffective. Therefore, Petitioner asks this court to resentence him in accordance with the current law. (ECF No. 1 at 18.).

## DISCUSSION

A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the Rules Governing § 2254 Cases,[3]FN1 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct.

---

[3]The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

2

1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

This court is required to liberally construe pro se petitions. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Pro se petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

3

B.     Analysis

Sentence Enhancement:

Petitioner challenges the enhancement of his sentence under the ACCA guidelines. [Doc. 1 at 13, 15, 16.] However, Petitioner fails to establish that the Court should allow him to proceed under § 2241.

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir.2010). A petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "It is only when ' § 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." Rice, 617 F.3d at 807 (quoting In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997)). Section 2255 is inadequate or ineffective if:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 334 (4th Cir.2000).

The Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir.2008).

Additionally, the Fourth Circuit Court of Appeals has affirmed a district court order holding that a petitioner could not challenge a sentence enhancement through § 2241. Rouse v. Wilson, 584 F. App'x 76, at *1 (4th Cir.2014), affirming Rouse v. Wilson, No. 1:13–CV–748–GBL–TRJ (E.D.Va. Feb. 19, 2014) (holding a petitioner could not proceed with his claims under § 2241 to challenge the career offender enhancement); see also Farrow v. Revell, 541 F. App'x 327 (4th Cir.2013) (holding that a petitioner's challenge to the ACCA sentence enhancement was not cognizable under § 2241 via § 2255(e)).

In light of the holdings of the Fourth Circuit Court of Appeals, the Court finds that Petitioner's challenge to his sentence enhancements under the ACCA are not appropriate for review under § 2241. Accordingly, summary dismissal is appropriate.

Actual Innocence:

Petitioner also argues that he is actually innocent of being a felon in possession of a firearm under 18 USC § 922(g)(1). In support of his argument, Petitioner offers the following:

> In 1984 petitioner pled guilty to an arson type charge which was listed as arson in the instant case. But in reality the charge was for burning his own home while he was drunk. The charge was disposed of with a probated sentence, thus the conviction does not qualify as a predicate under the Simmons, Descamps, Begay rulings, this petitioner was convicted of conduct that is not criminal, and because he has already filed a motion to vacate under § 2255 and does not satisfy the gatekeeping requirements for a successive motion, § 2241 relief is warranted.

Doc. 1 at 17.

The Fourth Circuit Court of Appeals held in Farrow that a petitioner's claim that he was actually innocent of his underlying § 922(g)(1) conviction was cognizable under § 2241 through the savings clause of § 2255. 541 F. App'x at 328. However, cognizable claims of actual innocence must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

18 U.S.C. § 922(g) states:

5

It shall be unlawful for any person—

(1)  who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

* * *

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Even assuming arguendo, that Petitioner's argument regarding his prior arson conviction[4] is accurate, Petitioner appears to have multiple qualifying predicate felonies[5] for purposes of 18 USC 922(g)(1), including, but not limited to, a conviction on which he was sentenced in this court to 26 months imprisonment for possessing with intent to distribute crack cocaine on November 24, 2008.   See

---

[4] Because a plain reading of § 922(g) requires only one applicable predicate felony conviction, the court need not to address Petitioner's argument with regards to his arson conviction with any more specificity at this time.

[5] The Court notes that it is probable that Petitioner has more than one qualifying predicate conviction other than those discussed herein. At Petitioner's guilty plea in Crim No. 7:12-cr-26, the following exchange took place on the record with regards to Plaintiff's plea to the 18 USC 922(g) charge:

AUSA Crick:   . . .The firearms and ammunition in this case traveled or affected interstate commerce.  They weren't made in South Carolina. Mr. Dodd has previously been convicted of a crime for which he could have received more than one year in prison.  He has not received a pardon for those convictions. He was advised of his rights on the scene in writing and did waive and provided a very brief statement claiming the items found in the house.
        As to his convictions, just noting his Presentence report from 2008, he has an arson conviction from 1984.  Additionally, Your Honor, he has some – a trafficking crack conviction from '03, as well as what appears to be two counts of distribution of crack cocaine from '03, as well as the 2008 federal conviction for PWID crack which he received 26 months and was on supervised release during the instant conduct.
The Court:   Mr. Dodd, having heard that summary by the Government, do you agree with that summary of the facts?
Mr. Dodd:   Yes, sir.

Doc. # 61, in Cr. Case No. 7:08-447.[6] Petitioner in no way challenges the validity of this conviction in his petition. Accordingly, as Petitioner clearly had a valid predicate felony conviction at the time that he pleaded guilty to being a felon in possession of a firearm, summary dismissal of his petition is appropriate.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice and without requiring the respondents to file a return.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

May 29, 2015<br>
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

---

[6]Again, this court may take judicial notice of Petitioner's prior criminal case in this court, Cr. No. 7:08-447. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).