IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roosevelt Dodd, ) | |
| ) | C.A. No. 4:15-1796-RMG |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| L. Thomas, Warden, F.C.I. Edgefield, ) | |
| ) | |
| Respondent. ) | |

This action involves a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that this action be summarily dismissed without prejudice and without requiring the Respondent to file a return. (Dkt. No. 12). Petitioner was advised of his right to file written objections to the R & R within fourteen days of service of the R & R and that a failure to timely file written objections could result in limited district court review and a waiver of the right to appeal. (*Id.* at 8). Petitioner did not file specific written objections to the R & R but did file a document titled "motion to amend" which reargued one of the bases of his petition, relating to a sentencing enhancement as an armed career criminal. (Dkt. No. 15). Recognizing the Court's obligation to provide *pro se* litigants some flexibility and liberality in asserting their claims, the Court deems the "motion to amend" to constitute written objections to the R & R.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28

U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

Petitioner is presently serving a 235 month sentence following a guilty plea before United States District Judge Henry Herlong in February 2012 to one count of felon in possession of a firearm and one count of conspiracy to posses with intent to distribute crack cocaine. Petitioner filed no direct appeal but subsequently moved to vacate his sentence pursuant to 28 U.S.C. § 2255. By order dated April 24, 2013, Judge Herlong denied the petition. (C.A. No. 7:12-26, Dkt. No. 42). Petitioner then filed a motion to be relieved from judgment under Fed. R. Civ. P. 60(b), which Judge Herlong denied by order dated April 17, 2014 because he determined it was a successive § 2255 motion and Petitioner had not obtained authorization to file a successive petition under § 2255. (*Id.*, Dkt. No. 54).

Thereafter, Petitioner filed this action on April 28, 2015 pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). He argued that the enhancement of his sentence as an armed career criminal was improper because one of his predicate convictions did not satisfy statutory requirements and he was actually innocent of the predicate felony regarding his felon in possession conviction. The Magistrate Judge recommended summary dismissal of the petition because (1) a sentence enhancement is not subject to review in the Fourth Circuit under § 2241 (by way of the § 2255 savings clause) and (2) the actual innocence claim was not based on a claim of "factual innocence" and Petitioner had multiple felony convictions upon which to base the felon in possession conviction. (Dkt. No. 12 at 4-7). Petitioner's "motion to amend", deemed by this Court to constitute written objections, simply reargued the sentencing enhancement issue but

-2-

-3-

failed to address the legal authorities cited by the Magistrate Judge that a challenge to a sentencing enhancement is not cognizable under § 2241. (Dkt. No. 15).

The Court has carefully reviewed the pleadings, the parties' briefing, and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 12) as the order of this Court. Accordingly, this action is summarily dismissed without prejudice and without the necessity of the Respondent filing a return.[1]

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

June 18, 2015
Charleston, South Carolina

---

[1] The Court denies the Petitioner's motion to amend (Dkt. No. 15) both because it is essentially an objection to the R & R and any amendment under these circumstances would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).